IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID RODRIGUEZ,** | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 11-393 |
| **GERALD L. ROZUM, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 13th day of June, 2012, upon consideration of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 1, filed January 21, 2011), Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Document No. 6, filed March 23, 2011), and Respondents' Response to Petition for Writ of Habeas Corpus (Document No. 11, filed July 18, 2011); and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Document No. 13, filed September 29, 2011), Petitioner's Objections to Report and Recommendation (Document No. 14, filed October 17, 2011), and Petitioner's Memorandum of Law in Support of Petitioner's Objections to the Report & Recommendation (Document No. 15, filed October 18, 2011), for the reasons set forth in the Memorandum dated June 13, 2012, **IT IS ORDERED** as follows:

1.  The Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated September 29, 2011, is **APPROVED** and **ADOPTED IN PART** and **REJECTED IN PART** as follows:

    a.  That part of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated September 29, 2011, relating to petitioner's sufficiency-of-the-evidence claim is **REJECTED**. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **GRANTED** and petitioner's second-degree murder conviction and sentence and aggravated assault and attempted murder convictions[1] are **VACATED** and **SET ASIDE**. The execution of the writ of habeas corpus is **STAYED** for 180 days from the date of this Order to permit the Commonwealth of Pennsylvania to grant petitioner a new trial and, if petitioner is found guilty, a new sentencing;

    b.  That part of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated September 29, 2011, relating to petitioner's claim based on retroactive application of state law is **APPROVED** and **ADOPTED** as amplified by this Court's Memorandum dated June 13, 2012, and petitioner's claim based on retroactive application of state law is **DISMISSED**;

2.  Petitioner's Objections to Report and Recommendation are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

---

[1] As set forth in the attached Memorandum, petitioner was convicted of second-degree murder, aggravated assault, and attempted murder. However, he was only sentenced on the second-degree murder count.

    a.    Petitioner's First and Third Objections, relating to petitioner's sufficiency-of-the-evidence claim, are **SUSTAINED**;

    b.    Petitioner's Second Objection, relating to petitioner's claim based on retroactive application of state law, is **OVERRULED**;

3. A certificate of appealability **WILL NOT ISSUE** with respect to petitioner's claim based on retroactive application of state law because reasonable jurists would not debate this Court's rulings. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, (2000).

**BY THE COURT:**

                /s/ Hon. Jan E. DuBois
                    **JAN E. DUBOIS, J.**